## BAILEY BARTLETT *vs.* JOHN S. KIDDER & others.

Personal property owned in common was attached on mesne process against one of the owners, and replevin brought in the name of all against the attaching officer, and dismissed. *Held,* that the measure of damages in an action on the replevin bond was the value of that one's interest.

ACTION OF CONTRACT upon a replevin bond. The breach of the bond was admitted. At a hearing in the court of common pleas in Essex at June term 1859 upon the question of damages the defendant offered evidence of the following facts :

The replevin was brought by the principals in this bond and Otis B. Morse, to recover possession of two hundred cords of wood attached upon a writ against Morse. Morse filed a disclaimer of any authority to use his name in the replevin, and judgment was rendered for the defendants for a return of the wood replevied. Morse was the owner of one undivided third of the wood, and the principals in the bond owned the other two thirds. The defendants prayed that execution might issue for the value of Morse's interest only.

But *Perkins,* J. excluded the evidence, a verdict was taken for the plaintiff, and the defendants alleged exceptions.

*N. W. Harmon,* for the defendants.

*W. C. Endicott,* for the plaintiff.

DEWEY, J. The judgment in the present case must of course be in favor of the plaintiff, a breach of the replevin bond being conceded. The further inquiry is, for what amount execution shall issue ?

In ordinary cases it would, in addition to the damages and costs to which the plaintiff might be entitled, also include the full value of the property replevied, where the same had been attached by the defendant in replevin as the property of a third person. It would be so because thus much would be required to indemnify the officer making such attachment, he being responsible for the whole value to the attaching creditors, if their demands were large enough to require the whole; or if not thus required to discharge the attachment, he would be liable for the

surplus to the person whose property was taken from him by such attachment.

The peculiarity of the present case results from the facts set up by the defendants, and upon which they rely as a ground for limiting the damages as to the value of the property to one third of the whole value. The defendants propose to establish the fact that the attachable interest of Otis B. Morse, the person against whom the writs of attachment issued, was only an undivided third part of the wood, the subject of the attach ment, and also the subject of the replevin, the remaining two thirds being the property of the principals in the replevin bond and now defendants.

The plaintiff resists the admission of this evidence, upon the ground that the defendants, having failed to maintain their action of replevin, are estopped to deny that the entire interest and property in the wood were in Morse.

Had that question been made the subject of judicial inquiry in the action of replevin, and a judgment rendered thereon against the plaintiffs in replevin, it would not be open here. But the process in replevin was wholly irregular and defective, and might properly have been (as was said at the argument to have been the case) abandoned or dismissed without reference to the state of the property or interest in the various litigating parties. That action purported to be an action in favor of the principals in this bond and Otis B. Morse as plaintiffs, alleging their right of property, and seeking to obtain for those parties the posses- sion of two hundred cords of wood that had been attached by the defendant in replevin upon sundry suits against Otis B. Morse. Morse himself filed a disclaimer of all authority to use his name, and the fact that he was named as one of the plaintiffs in the action was fatal to its maintenance, inasmuch as the officer might well have taken the property into his posses- sion by an attachment against Morse, although two thirds of the interest therein might be in the other plaintiffs. Certainly it was incompetent for Morse to become a party to a replevin suit against the officer thus attaching the property upon suits against him.

The further inquiry is, whether, if it can now be shown that the interest of Morse was no more than one third of the property in the wood, and the defendants establish a good title to the remaining two thirds to have been in themselves at the time of the attachment and ever since, they should be necessarily charged in damages for the whole value of the property replevied. In determining this question, it would seem proper to inquire what would have been the disposition of this property, if it had been returned to the attaching officer by the defendants. The officer in such case could only have sold on execution the interest of Morse in the same. If he sold more than this, he would be a trespasser as against the cotenants. The plaintiff, as obligee in this bond, would be fully indemnified by allowing him the value of the interest of Morse in the property, in addition to the further damages required to be allowed to him by the Rev. Sts. *c.* 113. This is all for which he will be responsible to the attaching creditors or to Morse. The principle upon which such facts may be shown in mitigation of damages is, that full indemnity will be thus given to the obligee of the bond; and this is all that he is entitled to in the hearing in equity.

In *Huggeford* v. *Ford,* 11 Pick. 223, the obligors in a replevin bond were allowed to show, in reduction of damages, that there were custom house duties on the goods, with which they were chargeable, and to have that sum deducted in estimating the value of the goods, as the payment by the plaintiff in replevin is equivalent to a return to that amount. It has been held competent, after a verdict in favor of the defendant in replevin, on his motion for an order of court for a return of goods replevied, for the plaintiff in replevin to show, as a reason why such return should not be ordered, that, since the issuing of the writ of replevin and the giving of a bond to return the goods, the interest in the goods had been changed, and the plaintiff in replevin was now entitled to hold them, although such was not the case when he instituted his action of replevin. Thus where a lessor of property sued out his writ of replevin, and failed to sustain his action, because the time of his lease had not expired, yet he was allowed to retain the possession, upon showing that the lease had

expired before the final judgment in replevin. *Wheeler* v. *Train*, 4 Pick. 168. The cases of *Simpson* v. *M'Farland*, 18 Pick. 427, and *Whitwell* v. *Wells*, 24 Pick. 25, are also authorities for refusing a return of goods replevied, when in equity they ought not to be returned, though the defendant has judgment in his favor in the suit.

Some analogy may be found in the decisions of this court in actions of trover by plaintiffs having only a special property in the articles for which the action is brought. As regards third persons, the general rule would be a recovery in damages to the full value of the property. But it is held, in such cases, that a surrender of the property, or an application of the proceeds to other persons having a legal right thereto, to the extent of their interest, may be shown in mitigation of damages. Thus in *Squire* v. *Hollenbeck*, 9 Pick. 551, the damages were allowed to be reduced by showing that a third person had an interest in the property, and that the avails of the property had gone to his use.

In actions in favor of an attaching officer upon a receipt for property attached, promising to deliver the same to such officer on demand, it would be competent to show that the attachment was discharged and the property had gone into the hands of the general owner. In *Kaley* v. *Shed*, 10 Met. 317, the defendant was allowed to show, in mitigation of damages, that the property had been taken from him by an attachment in an action against the plaintiff, and was now held by the attaching officer.

In the opinion of the court, the proposed evidence as to the extent of the interest of Morse in the property, and that the defendants were the owners of two thirds of the whole interest, may be properly introduced upon the hearing in equity to assess the damages for the breach of this replevin bond, and the value of Morse's interest should be taken as the value of property upon which damages are to be assessed.

*Exceptions sustained*